Peck, J.
delivered the opinion of the court.
The scire facias recites, that George Bell had recovered judgment against Montgomery Bell for $8674, and also against said Bell and James S. Bell and John J. Bell, his securities in a writ of error from the county to the circuit court, for $1084, damages; and likewise recovered against said Bell, and the above James S. and John J. with Leonard P. Cheatham their security, for damages in this court, the sum of $1219; that saidM. Bell had paid a large portion of said debt, to wit, $-, leaving a balance of $1848, since which proceeding George Bell has departed this life intestate, and no person will administer' on his estate. The sci.fa. is as follows:
“And whereas, by virtue of an act of Assembly of the State of Tennessee, passed on the 16th day of November, 1829, ch. 49, entitled an act for the benefit of the executors of Wm. Tate, said suit is permitted to be revived in the names of James Gordon, Robert T. Walker and Robert Bell, executors of the last will and testament of Wm. Tate, deceased.” Then follows the command to make known, &c.
The act of Assembly, in a preamble, recites, “that George Bell, deceased, on the 30th of July, 1824, obtained a judgment in the supreme court against Montgomery Bell, which said judgment was founded on a blank endorsement of a note to him, and which he held as trustee for the executors and legatees of Wm. Tate, and the legatees of Margaret C. Tate, deceased. And *206 w^iereas! S£dd George Bell has died out of this State, insolvent, and no person will administer on his estate: “Therefore, be it enacted by the General Assembly of the State of Tennessee, that the executors of William Tate, deceased, be enabled to revive said judgment against said Montgomery Bell, in their names, by set. fa. in the same manner as if they were the executors of said George Bell, deceased.
“Be it further enacted, that in case the scire facias is served on said Bell, fifteen days before the next term of the supreme court, the same shall stand for trial at said term.”
At the trial term as specified in this act, Bell appeared and moved to quash the scire facias, on the ground that the act being limited and partial in its operation, is unconstitutional and void; and that being the only authority for the sci. fa. it is void also.
It is here proper to remark, that it is with reluctance the court will declare a law unconstitutional; not from any fears of consequences which might arise from conflict of opinion with another co-ordinate branch of the government, but because the court might incline the more to doubt that opinion, where, on the same point, it may seem to have been „formed upon deliberation by others officiating in a high and responsible sphere. Hence this court, in a doubtful case, would permit a law called in question to have its effect. But when the court is satisfied, there is an obligation resting uj>on them that it would be criminal to compromise.
The act in question has been passed in terms directly to affect a judgment of this court. It is not passed in aid of the court; for the court in dispensing justice, did not need the aid of it. The law as it stood at the death of B ell, fixed the rights of the parties; the disposition of the fund expected to be raised from the judgment, was governed by existing rules; these were all before us, subject to be acted upon as soon as the proper person *207 should, under the known forms of existing law, apply to us. But by the act we are not anticipated, but super-ceded. We are instructed that Bell held the instrument which had been prosecuted to a judgment, as the trustee for the executors and legatees of William Tate, deceased, and the legatees of Margaret Tate, deceased; that Geo. Bell has departed this life out of the State, insolvent; and that no person will administer on his estate. Upon the facts thus assumed, the act “enables” the executors of William Tate to revive the judgment in their names, as if they were the executors of George Bell, deceased. It is not at all material for this court to enquire into the truth of the facts found by the makers of the law. Supposing them all to be true, are there not others who have a right to question them? Are not the creditors of the deceased Bell, entitMÍLto their day in court? Does not the law, as it stood tMfore the passage of this act, give them time to appear as real representatives, with all the liabilities resting upon them common to administrators, and having revived the judgment and secured the fund, await the mandate of the proper tribunal to make distribution ? It is believed every lawyer will answer these questions in the affirmative. If these rights exist in others, and the law supposes they do, how can tve overlook them? It is impossible. While our business is in train to come to a result between parties, those'unknown to the record and existing laws, are forced upon us by the operation of an act made, not as a general provision, but to reach particular individuals. This at first blush awakens surprise, if not suspicion. Facts and circumstances supposed to have existed between persons deceased, are fixed and settled by the act; and in a case where many should be heard, one party is thrown upon us with his equitable rights established.
So long as we consider that there existed courts of equity open to the investigation of the subject of this trust, there was no necessity for the act we are consider- *208 ¡mr Take the act as it is intended, and it will have the effect ox a decree upon the rights ox parties, though not upon the rights of all that must of necessity be heard, if resort to the proper tribunal was hath Hence the one sided character of the act. Its application to a particular case, makes it analogous to the case of the Bank vs. Cooper el al. 2 Yerger’s Rep. 599.
But we do not stop here. It is assumed, in the act that Bell, having died out of the State of Tennessee, administration cannot be taken out upon the estate. This is a mistake. Administration may be taken out, if there be bona notabilia in any county. Here was a chose in action; and the case of Brown, administrator of Pearsall vs. Wright, (a) has settled this very question. There it was held, that administration sued out upon, the estate of one having departed this life in anotílKl'tate, was proper, where property of the deceased w^u^ound to be administered. Nor will this case be found to conflict with the case of Nelson vs. Harris, (2 Yerg. Ap. 624,) because the point in the latter case was whether administration could be taken out, there being no estate to ‘ad- ■ minister upon, and the death having happened beyond the State.
But there must be another view to be taken of this case, which will show the unfitness of such legislation. So far as we have gone, the act is on one side in relation to M. Bell, and the. assumed rights of Tate’s executors. These last are by the act introduced, while on the other hand, James S. Bell, John J. Bell, and Leonard P. Cheatham, are dropped. Against these, as well as against M. Bell, we had proceeded to judgment; and if we are to follow the act as our authority, we are no longer to consider them as parties, for the matters recited, as well as the enacting clauses, wholly overlook them; and yet the *209 sci. fa. though predicated on the act, is made as broad as the judgment,, against all. We are as unwilling the act should compel us to drop parties, as we are that strangers to tire suit should be introduced. In this view of the case, it may be seen, while we, under the laws existing when the rights accrued, were compelled to make the judgment reach all these defendants, these rights are impaired by a provision in the act striking out of existence the security, and paring down the extent of liability, and remodeling the judgment.
In strictness, the act has no application to any suit before us. Either there is a failure of record, or an absence of^ithority to reach and cover it. Therefore, it is not material whether we view the case made by the act as of pmtial and limited application, and for that cause not warr^^^Bkr the constitution, or whether we take it in the la^mPR presented. In either view it must be void, and the sci. fa. upon it ineffectual to authorize the judgment asked by it.
The motion to quash the sci. fa. must prevail.
Motion sustained.

 Ante, 57.