IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2021

## GARY W. GARRETT v. TONY PARKER

**Appeal from the Chancery Court for Davidson County**
**No. 19-523-II      Anne C. Martin, Chancellor**

_____

### No. M2020-01742-COA-R3-CV

_____

This is the second action in which the petitioner, an inmate in the custody of the Tennessee Department of Corrections ("TDOC"), seeks good sentence credits and prisoner performance credits. The trial court dismissed the present action, filed in 2019, in accordance with Rule 12.02(6) of the Tennessee Rules of Civil Procedure, determining that res judicata barred the suit. The decision was based on the following findings: the petitioner did not assert that the Davidson County Chancery Court lacked jurisdiction to hear the case in the prior action, filed in 2005, "the same parties were involved in both . . . suit[s]," both cases "arose out of the same transaction or series of connected transactions" between the same parties, and "the [prior] suit resulted in a final judgment on the merits . . . ." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Gary W. Garrett, Clifton, Tennessee, Pro Se.

Herbert H. Slatery, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Eric A. Fuller, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tony Parker, Commissioner, Tennessee Department of Corrections.

### MEMORANDUM OPINION[1]

_____

[1] Tennessee Court of Appeal Rule 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

Gary Wayne Garrett ("Mr. Garrett") is an inmate in the custody of the TDOC. In 1986, Mr. Garrett was convicted of sixteen separate felony offenses, including six counts of aggravated rape, a Class X felony. As a result, Mr. Garrett was sentenced to a total of one hundred nineteen years in prison as a Class X offender under the Tennessee Criminal Reform Act of 1982.

In May 2005, Mr. Garrett filed a Petition for Declaratory Order with the TDOC, alleging a miscalculation of his prison sentence and claiming entitlement to various sentence credits. Specifically, Mr. Garrett sought application of 6,510 days of "good conduct sentence credits" and 2,712 days of "prisoner performance credits." The TDOC denied Mr. Garrett's petition, concluding he had been granted all applicable sentence credits. Later, Mr. Garrett filed a petition in the Davidson County Chancery Court, seeking review of TDOC's denial of his petition.

In response, the TDOC filed a motion for summary judgment along with the affidavit of the Director of Sentence Management Services. In his affidavit, the Director stated that, as a Title X offender sentenced under the Reform Act of 1982, Mr. Garrett was never eligible to accrue "good conduct sentence credits." The Director also stated that Mr. Garrett was not eligible to receive "prisoner performance credits." Though Mr. Garrett argued he was eligible to receive such credits based on a signed waiver, the trial court granted the TDOC's motion for summary judgment. In August 2009, this Court affirmed the trial court's determination.

Nearly ten years later, on April 18, 2019, Mr. Garrett filed the instant action, again alleging that the TDOC miscalculated his sentence by depriving him of the same sentence credits. Specifically, Mr. Garrett contends that he is entitled to accrue both "good conduct sentence credits" and "prisoner performance credits" pursuant to Tenn. Code Ann. §§ 41-21-229 and 41-21-230. On November 4, 2019, the TDOC filed a motion to dismiss, raising res judicata and collateral estoppel as affirmative defenses, arguing that the Davidson County Chancery Court ruled on the identical issue in the previous action.

Ultimately, the trial court granted the TDOC's motion to dismiss based on the doctrine of res judicata, stating:

> Consistent with Petitioner's own descriptions of the two actions, the Court finds that both arose out of the same transaction or series of connected transactions between Petitioner and Respondent. . . . The Court of Appeals opinion affirming the Part III decision addressed both "good conduct" credits and "prisoner performance" credits. Further[,] the Petitioner's reasoning for

be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the purported error in sentence calculation is the same—a failure on TDOC's part to give effect to his 1986 waiver. Thus, Respondent has established an affirmative defense based on res judicata, and the Petition does not raise any new facts that would alter the analysis . . . the Court finds that res judicata effectively bars the present suit . . . .

(Internal citations omitted).

Additionally, the trial court concluded that Mr. Garrett's petition was frivolous per Tenn. Code Ann. § 41-21-807. This appeal followed.

## STANDARD OF REVIEW

A Tenn. R. Civ. P. 12.02(6) motion to dismiss "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of a Rule 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Id*. A defendant who files a motion to dismiss "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Id*. (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). Our review of a dismissal on res judicata grounds is de novo with no presumption of correctness. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

## ISSUE

Mr. Garrett identifies several issues on appeal. Because, however, this Court's holding with reference to a single issue is dispositive of all others, it is necessary to address only one: whether the trial court erred in determining that Mr. Garrett had fully litigated this matter such that res judicata bars the second suit.

## ANALYSIS

"The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). The doctrine "is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976).

A party asserting res judicata must establish the following:

(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both

suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). "Two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or series of connected transactions." *Creech*, 281 S.W.3d at 381. "A prior judgment . . . , however, will not prohibit 'reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights . . . .'" *In re Bridgestone/Firestone*, 286 S.W.3d 898, 904 (Tenn. Ct. App. 2008) (quoting *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).

After considering these factors, the trial court found res judicata required dismissal of Mr. Garrett's case. Specifically, the trial court found that (1) Mr. Garrett did not assert the Davidson County Chancery Court lacked jurisdiction to hear the case in 2008, (2) "the same parties were involved in both . . . suit[s]," (3) both cases "arose out of the same transaction or series of connected transactions" between Mr. Garrett and the TDOC, and (4) "the [prior] suit resulted in a final judgment on the merits . . . ." We agree. On appeal, Mr. Garrett fails to refute the trial court's determination of these factors. Instead, Mr. Garrett appears to make repetitive allegations regarding the same application of the same sentencing credits.

The Chancery Court of Davidson County is a court of competent jurisdiction under the present facts. *See* Tenn. Code Ann. § 4-5-322(b)(1)(A)(i) (providing that the venue for appeals of contested case hearings "shall be in the chancery court nearest to the place . . . where the cause of action arose, or in the chancery court of Davidson County."). Further, the previous case and the instant case involve the same parties: Mr. Garrett and the TDOC. While the named Commissioner in each case has changed, this Court does not consider a party to be new or different where the change results from personnel transition. *See* Tenn. R. App. P. 19(c) ("When an officer of the state . . . or other governmental agency is a party to an appeal or other proceeding . . . in the officer's official capacity and . . . ceases to hold office, . . . the officer's successor is automatically substituted as a party.").

Moreover, the claim Mr. Garrett asserts in the present case and the claim Mr. Garrett asserted in the previous case are the same. The record is devoid of anything to suggest the trial court erred in holding that both cases arise from the same transaction: Mr. Garrett's challenge to the TDOC's application of two specific types of sentence credits. Last, the Chancery Court's judgment was final. *See Harrogate Corp. v. Sys. Sales Corp.*, 915 S.W.2d 812, 816 (Tenn. Ct. App. 1995) ("[T]he granting of summary judgment is deemed conclusive of all issues reached and decided by such summary judgment." (citations omitted)). As the trial court noted, "Chancellor Lyle issued a detailed opinion in granting the [TDOC's] motion for summary judgment, which the opinion of the Court of Appeals later affirmed." Though Mr. Garrett argues on appeal that he did not have the opportunity

to fully litigate the previous case based on new facts concerning allegations of fraud and misrepresentation, Mr. Garrett failed to identify or present any facts to support such accusations. Instead, Mr. Garrett makes a one-sentence, conclusory allegation.

Thus, the issue of whether Mr. Garrett is entitled to application of additional sentence credits is res judicata, and the trial court properly concluded that the TDOC established an affirmative defense. Accordingly, we affirm the decision of the trial court to dismiss the case.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Gary Wayne Garrett.

_____
FRANK G. CLEMENT JR., P.J., M.S.