IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs, February 2, 2018

## JOE W. BROWN ET AL. v. AMSOUTH BANK ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-15-0378-1  Walter L. Evans, Chancellor**

_____

### No. W2016-02596-COA-R3-CV

_____

The dispositive issue in this appeal is whether the trial court erred by dismissing the complaint with prejudice based upon collateral estoppel and res judicata. The record before us reveals that as many as ten other actions have been commenced by the same parties in state and federal courts in which Plaintiffs have repeatedly challenged the validity of Defendants' efforts to foreclose on property in Eads, Tennessee. To commence this action, Plaintiffs filed a Complaint to Set Aside Foreclosure and Declare Foreclosure a Nullity, for Damages, and for Legal and Equitable Relief. Defendants challenged the complaint by filing a Motion to Dismiss Complaint, contending that Plaintiffs waived their right to contest the foreclosure pursuant to a settlement agreement they entered into following mediation in one of the federal court proceedings. Defendants also contend that the same issues that are raised in this action were litigated in the federal courts, and that the United States Court of Appeals for the Sixth Circuit held the settlement agreement was valid and enforceable. The chancellor granted Defendants' motion and dismissed this action based on collateral estoppel and res judicata. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and BRANDON O. GIBSON, JJ., joined.

Joe W. Brown and Kimerly W. Brown, Eads, Tennessee, Pro Se.

Randall D. Noel and Jonathan T. Skrmetti, Memphis, Tennessee, for the appellees, AmSouth Bank and Regions Mortgage.

# MEMORANDUM OPINION[1]

Joe and Kimerly Brown ("Plaintiffs") commenced this action in the Chancery Court of Shelby County, Tennessee to enjoin AmSouth Bank and Regions Mortgage ("Defendants") from advancing the forcible entry and detainer warrant they filed against Plaintiffs in the Shelby County General Sessions Civil Court for Shelby County, Tennessee on March 9, 2015 under case no. 1733450. As the following reveals, this is but one of a long line of civil actions involving a home situated on four acres in Eads, Tennessee that Plaintiffs purchased in 2003.

After purchasing the Eads property, Plaintiffs refinanced their mortgage through AmSouth Bank and obtained a mortgage of approximately $1,200,000. While the loan was in good standing, AmSouth Bank was purchased by Regions Financial Corporation in November 2006, and Plaintiffs' indebtedness was assigned to Regions Mortgage, which is a trade name of Regions Bank ("Regions").

Plaintiffs stopped paying the mortgage in October 2010. When Regions attempted to exercise its foreclosure rights, Plaintiffs commenced an action against Regions in the Shelby County Chancery Court to prevent the foreclosure. Unknown to the parties at the time, this action would be the first of eleven cases in seven different courts, both state and federal. These included multiple cases in Shelby County Chancery Court, one of which was removed to federal court and later remanded to the chancery court. The judicial forums that have served as battlegrounds for this dispute include the United States Court of Appeals for the Sixth Circuit, the United States Bankruptcy Court for the Western District of Tennessee, Shelby County General Sessions Court, Shelby County Circuit Court, and Shelby County Chancery Court.[2]

During the pendency of all of this marathon litigation, Plaintiffs have retained possession of and resided in the Eads property without making any principal or interest payments on the mortgage. Regions refers to Plaintiffs' conduct as exceeding "the limits

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] *See* e.g. *Joe W. Brown, et al. v. AmSouth Bank, et al.*, No 15-5468, U. S. Court of Appeals for the Sixth Circuit; *In re Joseph Willie Brown*, Case No. 17-28648-jdl, Ch. 7, U. S. Bankruptcy Court, Western District of Tennessee; Shelby County Circuit Court case no. CT-000531-17; Shelby County Chancery Court case no. CH-11-0795-1; Shelby County General Sessions Court case nos. 1650830 and 1733450.

of good-faith litigation," and the Sixth Circuit Court of Appeals referred to some of Plaintiffs' arguments before that court as "frivolous." The Sixth Circuit determined that Plaintiffs' arguments "lack merit," based in part on its finding that Plaintiffs previously entered into an enforceable settlement agreement pursuant to which Plaintiffs "agreed not to contest foreclosure proceedings." In the more recent bankruptcy proceedings that were initiated by Plaintiffs, which have been dismissed, the United States Bankruptcy Court for the Western District of Tennessee recently found that "[Mr. Brown] has engaged in a scheme to delay, hinder or defraud Regions . . . ." Order Granting Amended Expedited Motion for Relief from Automatic Stay and for Abandonment, in *In re: Joseph Willie Brown*, case no. 17-28648 (Bankr. W.D. Tenn. Nov. 9, 2017).

To avoid an unnecessary restatement of the tortuous procedural history of the numerous cases and facts that were germane to some of those cases, but not here, we have decided to focus our attention on the facts that the trial court in this action found most relevant. When Regions sought to foreclose on Plaintiffs' property in May of 2011, Plaintiffs filed suit in Shelby County Chancery Court to prevent the foreclosure. Regions removed the case to the United States District Court for the Western District of Tennessee. The case was mediated and, significantly, on May 9, 2012, the parties entered into a settlement agreement. Pursuant to the settlement agreement, Plaintiffs agreed to pay Regions $590,000 within ninety days to satisfy their debt, and if Plaintiffs failed to pay that specific sum, then Regions could and would proceed with foreclosure and, again significantly, Plaintiffs agreed that they would not "contest foreclosure proceedings."

When Plaintiffs failed to make the required payment, Plaintiffs elected to contest the validity of the settlement agreement in the District Court. After the District Court found the settlement agreement valid and enforceable, Plaintiffs appealed to the Sixth Circuit Court of Appeals, which subsequently affirmed the District Court's ruling.

Based on the Sixth Circuit Court's ruling, the foreclosure proceeded, and Regions purchased the Eads property at the foreclosure sale in 2013. Thereafter, the District Court issued an order authorizing Regions to proceed with the forcible entry and detainer process in state court. When Regions sought to obtain possession of the property, and thereby remove Plaintiffs from the property, Plaintiffs once again obtained a stay in a Shelby County General Sessions Court proceeding.

In 2015, Regions renewed its forcible entry and detainer initiative in general sessions court to which Plaintiffs responded by commencing this action in the Shelby County Chancery Court, pursuant to an ex parte petition for a temporary restraining order and a complaint to again contest the foreclosure proceedings they agreed not to contest. The Chancery Court granted Regions' motion to dismiss, recognizing that the claims were based upon alleged "deficiencies in Regions' foreclosure," and that dismissal was required "by virtue of collateral estoppel and res judicata." This appeal by Plaintiffs followed.

ISSUE

Although Plaintiffs identify several issues for our consideration, we have determined that the dispositive issue is whether the trial court erred by dismissing the claims based upon collateral estoppel and res judicata.[3]

## STANDARD OF REVIEW

"A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law," which we review de novo. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). On appeal, our standard of review of questions of law is de novo without a presumption of correctness afforded to the lower court's conclusions of law. *Id*.

## ANALYSIS

The doctrine of res judicata was explained succinctly in *Jackson* as follows:

The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. It is a "rule of rest," and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits.

The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Id*. at 491 (internal citations omitted).

Because this litigation has a long and tortuous history that fully supports the trial court's ruling in this matter, we shall get to the point. The United States Sixth Circuit

---

[3] Plaintiffs' statement of the issues presented for review consists of two pages and is framed in the form of an argument instead of issues. Thus, we have restated the issue.

Court of Appeals stated in its order in case number 15-5468, filed on March 23, 2016,[4] the following relevant facts:

> Joe W. Brown and Kimerly Brown (the Browns), proceeding pro se, appeal a judgment entered by a magistrate judge that denied their motion for a new trial, enforced a settlement agreement, and dismissed their civil action seeking a temporary restraining order to prevent the foreclosure sale of their real property. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
>
> In 2011, the Browns filed a pro se complaint against AmSouth Bank, Regions Mortgage, and Shapiro and Kirsh, LLP in the Shelby County, Tennessee, Chancery Court. After the dismissal of Shapiro and Kirsh, LLP from the action, AmSouth and Regions removed the case to federal court under 28 U.S.C. §§ 1332 and 1446 based on diversity jurisdiction. The Browns subsequently obtained counsel. The parties consented to a magistrate judge's conducting all proceedings. The parties agreed to mediation and, after negotiations, reached a settlement of their dispute. The terms of the settlement agreement were memorialized in a handwritten "Memorandum of Agreement" signed by the Browns and counsel of record. The settlement agreement provided that the Browns would pay Regions $590,000 within ninety days; that if the Browns failed to do so, Regions could initiate foreclosure proceedings without objection by the Browns; that an order setting forth the terms of the settlement agreement would be entered in federal court; and that the federal court would enter a final order dismissing the case after payment or the conclusion of a foreclosure proceeding. The magistrate judge received notice of the settlement and a proposed order, and entered an order setting forth the terms of the settlement in accordance with the handwritten agreement on May 9, 2012.
>
> .   .   .
>
> In the meantime, the defendants foreclosed on the Browns' property and filed a Forcible Entry and Detainer Warrant in state court to obtain possession of the property. The Browns opposed the state-court proceedings and sought an injunction to stay those proceedings pending the instant federal proceedings. Consequently, the defendants filed a motion to enforce the settlement agreement and to impose sanctions against the Browns. The magistrate judge granted the defendants' motion in part—

---

[4] The order was designated: "NOT RECOMMENDED FOR FULL-TEXT PUBLICATION."

ordering "that the Forcible Entry and Detainer process is not within this Court's retained jurisdiction and may therefore proceed in any other court of competent jurisdiction"—and denying the motion for sanctions.

Despite notices of appearance filed by two attorneys on behalf of the Browns, the Browns filed a pro se motion for a new trial and to deny the motion to enforce the settlement agreement. The magistrate judge denied the motion and entered a final judgment in the case on April 7, 2015. The Browns filed a timely appeal. They are proceeding pro se.

. . .

The magistrate judge treated the Browns' most recent motion, purportedly filed under Rule 59(a) for a new trial, as a Rule 59(e) motion to alter or amend the order granting the defendants' motion to enforce the settlement agreement. Although a final judgment had not yet been entered, the magistrate judge applied the restrictive standards for Rule 59(e) motions and refused to consider the Browns' "new legal challenges to the validity and enforceability of the settlement agreement" that could "and should have been raised" earlier in the proceedings. The magistrate judge explained that he had considered and rejected the Browns' two prior challenges to the settlement agreement and had found the settlement agreement valid, and he refused to entertain "new legal theories and arguments" challenging the validity of the settlement agreement.

The Browns press these same arguments, challenging the validity and enforceability of the settlement agreement, in their appellate brief. They argue that the "[d]efendants had no right to sell the real property to [the Browns] as [the Browns] already owned it" and that "[t]he settlement agreement is also not enforceable and void" under Tennessee law, Tenn. Code § 25-2-101. Because the Browns raised their arguments in a motion that was filed before a final judgment was entered, we address the merits of those arguments without regard to the restrictive standards of Rule 59.

The Browns' arguments are frivolous. First, the Browns did not own the real property at issue because Regions held a mortgage on it. Regions had the right to sell the real property to the Browns in order to satisfy its mortgage and release the lien that it held by virtue of the mortgage. Second, the Tennessee statute cited by the Browns does not preclude enforcement of the settlement agreement reached by the Browns and Regions. *See* Tenn. Code Ann. § 25-2-101(a). The parties agreed that the Browns would pay Regions $590,000 within ninety days, and if they failed to do so, Regions could initiate foreclosure proceedings without objection by the Browns.

- 6 -

The parties did not agree to allow Regions to "confess judgment" on the Browns' behalf, which would be prohibited by Tennessee law. *See id.* Instead, the Browns agreed not to contest foreclosure proceedings, and they did not give Regions power of attorney or authority to waive objection to foreclosure proceedings on their behalf. These arguments lack merit.

Considering the four essential elements of a res judicata defense, we note that Defendants satisfied the first and second elements by proving that a court of competent jurisdiction rendered a prior judgment on the merits that is now a final judgment. *See Jackson*, 387 S.W.3d at 491. As for the third and fourth elements, Defendants established that the same parties were involved in both proceedings, actually several proceedings that "involved the same cause of action." *See id*. Therefore, the trial court acted appropriately by dismissing the complaint as barred by the res judicata doctrine.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellants, Joe W. Brown and Kimerly W. Brown, jointly and severally.

_____
FRANK G. CLEMENT JR., P.J., M.S.