# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 19, 2019 Session

### TAMALA TEAGUE, AS SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF LOLA LEE DUGGAN v. GARNETT KIDD ET AL.

**Appeal from the Chancery Court for Polk County**
**No. 2017-CV-25          Jerri Bryant, Chancellor**

———————————————————

**No. E2019-00330-COA-R3-CV**

———————————————————

This case implicates the doctrine of res judicata. Tamala Teague (plaintiff) is the administrator of the estate of Lola Lee Duggan. Garnette Kidd and William Kidd (defendants) are Ms. Duggan's daughter and son-in-law. In a previous lawsuit, the trial court determined that defendants wrongfully took more than $100,000 of Ms. Duggan's assets and used some of that money to purchase 132 acres of real estate. After a bench trial, the court, in that first case, awarded money damages to Ms. Duggan's estate. A few years later, plaintiff filed a second complaint against the defendants. The complaint alleged the same facts that precipitated the previous lawsuit. This time, however, plaintiff sought a different remedy – the entry of an order declaring the existence of a constructive trust with respect to the 132 acres of real estate. The trial court ruled that the doctrine of res judicata barred plaintiff from pursuing this alternative remedy in a second suit against the same defendants on the same cause of action. Accordingly, the court granted defendants' motion to dismiss and denied plaintiff's motion for summary judgment. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., joined. JOHN W. MCCLARTY, J., filed a dissenting opinion.

Andy D. Lewis, Chattanooga, Tennessee, for the appellant, Tamala Teague, as successor personal representative of the estate of Lola Lee Duggan.

H. Franklin Chancey, Cleveland, Tennessee, for the appellees, Garnett Kidd and William Beauford Kidd.

# OPINION

## I.

In June 2001, defendants moved in with Ms. Duggan, who had been diagnosed with Alzheimer's disease. Mrs. Kidd had access to Ms. Duggan's bank accounts. Mr. Kidd prepared her tax returns. In July 2001, Ms. Duggan executed a durable power of attorney, which designated Mrs. Kidd as her attorney-in-fact. Approximately five years later, defendants placed Ms. Duggan in a nursing facility. She died in September 2007.

Donald Duggan, the first administrator of the estate,[1] discovered evidence that more than $150,000 of Ms. Duggan's assets had "disappeared" during the time that she was in the exclusive care of the defendants. Mr. Duggan filed a complaint against the defendants seeking "to recover funds unlawfully converted through fraud, false dealing and misapplication of trust by Defendant[s]." He requested "that a *Lien Lis Pendens* be placed against the real property acquired by Defendants in this cause to secure any judgment which may be obtain[ed] by the Estate." (Emphasis in original.) The complaint also prayed for the following forms of relief:

> 1. That process issue to Defendants in a way and manner as required by law.
>
> 2. That upon the hearing of this cause the Estate recover from Defendants all sums wrongfully and fraudulently converted by Defendants to their o[w]n individual use.
>
> 3. That Plaintiff have and recover judgment for attorney's fees, prejudgment interest at the statutory rate of 10% and for punitive damages in amount equal to those funds which have been wrongfully converted fraudulently by Defendants in this cause.
>
> 4. That Plaintiff have such additional general and equitable relief to which it may be entitled upon the hearing of this cause.

The complaint did not request any alternative remedies, such as the entry of an order declaring the existence of a constructive trust.

---

[1] Mr. Duggan died in August 2010. Thereafter, plaintiff was appointed to administer the estate as a successor personal representative.

After a bench trial, the court ruled that "defendants are liable to the Estate for the wrongful taking of $176,367.31 and that prejudgment interest at the statutory rate of 10% should be awarded from February 21, 2006 through April 19, 2011." This resulted in a total judgment of $267,305.31. In a subsequent order, the court stated that defendants had used Ms. Duggan's assets to purchase the 132 acres of real estate at issue in the present case.

Defendants in the first case appealed. This Court affirmed the judgment against Mrs. Kidd but reduced the award of damages to $117,679. *Teague v. Kidd*, No. E2011–02363–COA–R3–CV, 2012 WL 5869637, at *7 (Tenn. Ct. App., filed Oct. 3, 2012). We reversed the judgment against Mr. Kidd because "the evidence simply did not establish that [he] possessed a confidential relationship that would have allowed him to exercise dominion and control over [the] [d]ecedent." *Id.* at *8. On remand, the trial court entered an amended final judgment in accordance with this Court's mandate.

In August 2017, plaintiff filed the second complaint against the defendants. The complaint alleged the same facts that precipitated the previous suit. This time, however, plaintiff sought a different remedy – the entry of an order declaring the existence of a constructive trust, which would transfer legal title in the subject property from the defendants to Ms. Duggan's estate. Defendants filed an answer. They denied using Ms. Duggan's money to purchase 132 acres of real estate. They also denied that Ms. Duggan's estate was the equitable owner of the property. Finally, defendants denied that the estate was entitled to obtain legal title to the property by means of a constructive trust.

In October 2018, plaintiff filed a motion for summary judgment, which was accompanied by a statement of undisputed material facts. Plaintiff also attached several exhibits. These exhibits included admissions by the defendants and the following documents from the previous lawsuit: plaintiff's complaint, defendants' answer, the trial court's April 21, 2011 judgment, the court's order denying defendants' motion to alter or amend, this Court's November 21, 2012 opinion, and the April 30, 2013 amended final judgment.

On October 31, 2018, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. In substance, defendants asserted the affirmative defense of res judicata. On the same day, defendants filed a response to plaintiff's statement of undisputed material facts and a brief opposing plaintiff's motion for summary judgment. Defendants admitted the truth of all material facts alleged by plaintiff; however, defendants argued that plaintiff was not entitled to judgment as a matter of law. Defendants expressly raised the affirmative defense of res judicata.

On December 13, 2018, the trial court held a hearing on the matter. After the hearing, the court entered a final judgment. The court determined that "it would be equitable to impose a constructive trust[,]" but the court ultimately declined to do so.

According to the court, the doctrine of res judicata barred plaintiff from seeking that equitable remedy in a second suit against the same defendants on the same cause of action. Accordingly, the court granted defendants' motion to dismiss and denied plaintiff's motion for summary judgment. Plaintiff appealed.

## II.

Plaintiff raises two issues, which we have slightly restated:

> Whether the trial court erred by granting defendants' motion to dismiss; and

> Whether the trial court erred by denying plaintiff's motion for summary judgment.

## III.

## A.

We begin by considering whether the trial court erred by granting defendants' motion to dismiss for failure to state a claim upon which relief can be granted. As a preliminary matter, we note that certain "matters outside the pleading" were "presented to and not excluded by the court[.]" Tenn. R. Civ. P. 12.02(6). Normally, this would require the trial court to treat the motion to dismiss as a motion for summary judgment. *Id.* That was not necessary in this case because the items presented were "subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *See* ***Indiana State Dist. Council of Laborers v. Brukardt***, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App., filed Feb. 19, 2009) (quoting Wright and Miller, Federal Practice and Procedure, Civil § 1357, p. 376 (3d ed. 2004)), *perm. app. denied* (Tenn. Aug. 24, 2009).

When reviewing a trial court's decision to grant a Rule 12.02(6) motion to dismiss, we are mindful of the following principles:

> A motion to dismiss [for failure to state a claim upon which relief can be granted] "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011) (citation omitted). The relevant and material allegations of the complaint are taken as true, and the plaintiff is afforded the benefit of all reasonable inferences that may be drawn from the allegations.

*Webb*, 346 S.W.3d at 426; ***Brown v. Tenn. Title Loans, Inc.***, 328 S.W.3d 850, 854 (Tenn. 2010). . . . We apply de novo review to the lower court's legal conclusions, including its ruling on the legal sufficiency of the complaint. *Webb*, 346 S.W.3d at 426.

***Estate of Haire v. Webster***, 570 S.W.3d 683, 690 (Tenn. 2019).

## B.

The trial court granted defendants' motion to dismiss on the basis of res judicata. Plaintiff first argues that defendants waived the res judicata defense by failing to raise the defense in their answer. We disagree.

Although res judicata is an affirmative defense that is ordinarily raised in a defendant's answer, the defense may also be raised in a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. ***Jackson v. Smith***, 387 S.W.3d 486, 491 (Tenn. 2012). Some defenses are waived if they are not asserted in a party's first responsive pleading,[2] but

> the defense of failure to state a claim upon which relief can be granted . . . may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits[.]

Tenn. R. Civ. P. 12.08; *see also* ***Young ex rel. Young***, 429 S.W.3d at 547-49 (holding that the defense of failure to state a claim may be asserted in a post-answer motion to dismiss). Therefore, defendants were permitted to raise the res judicata defense in their post-answer motion to dismiss.

Even if defendants were required to raise the res judicata defense in their answer (or failed to specifically plead the defense in their motion to dismiss), defendants did not waive the defense because the issue was tried with plaintiff's implied consent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tenn. R. Civ. P. 15.02.

An issue is tried by implied consent when the party opposing

---

[2] These defenses include: (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; and (4) insufficiency of service. *See* ***Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 548-49 (Tenn. Ct. App. 2013), *perm. app. denied* (Tenn. Feb. 11, 2014); *cf.* ***Dye v. Murphy***, No. W2003-01521-COA-R3-CV, 2004 WL 350660, at *3 (Tenn. Ct. App., filed Feb. 25, 2004).

the issue knew or should reasonably have known of the evidence relating to the new issue, did not object to the evidence, and was not prejudiced by the inclusion of the evidence.

***Chadwell v. Chadwell***, No. 03A01-9601-GS-00007, 1996 WL 555228, at \*3 (Tenn. Ct. App., filed Oct. 1, 1996) (citing ***Zack Cheek Builders, Inc. v. McLeod***, 597 S.W.2d 888 (Tenn. 1980)), *perm. app. denied* (Tenn. Jan. 27, 1997).

In ***Chadwell***, the defendant "did not specifically plead res judicata as required by [Tenn. R. Civ. P. 8.03]." ***Id.*** at \*4. However, the issue was raised at trial and the plaintiff did not argue that defendant had waived the defense. ***Id.*** The court ruled that res judicata barred plaintiff's claim. ***Id.*** On appeal, this Court rejected plaintiff's argument that defendant waived the defense; we held that "the issue was tried by implied consent[.]" ***Id.***

Here, defendants filed a motion to dismiss that, in substance, raised the res judicata defense. Defendants also expressly raised the res judicata defense in their brief opposing plaintiff's motion for summary judgment. Plaintiff responded to both filings but did not argue that defendants waived the res judicata defense. We do not know whether plaintiff raised the issue of waiver at the December 2018 hearing because neither party filed a transcript. On the record before us, it appears that the res judicata issue was tried by implied consent. Accordingly, the issue "shall be treated in all respects as if [it] had been raised in the pleadings." Tenn. R. Civ. P. 15.02.

## C.

We now turn to the merits of defendants' res judicata defense:

The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. It is a "rule of rest," . . . and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits.

The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was

- 6 -

asserted in both suits, and (4) that the underlying judgment was final and on the merits. A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citations omitted).

It is undisputed that the previous litigation involved the same parties and that a court of competent jurisdiction rendered a final judgment on the merits.[3] The only issue is whether plaintiff's second complaint asserts "the same claim or cause of action" as plaintiff's first complaint. In *Creech v. Addington*, the Supreme Court adopted the "transactional standard" for determining whether a party is asserting the "same claim or cause of action." 281 S.W.3d 363, 378-82 (Tenn. 2009). Under that approach, "[t]wo suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Id.* at 381.

Here, plaintiff's second lawsuit clearly "arise[s] out of the same transaction" that precipitated the first lawsuit. Both suits are predicated on allegations that Mrs. Kidd wrongfully took more than $100,000 of Ms. Duggan's assets and that defendants used some of that money to purchase the subject property. The only significant difference between the two suits is the remedy sought.

Plaintiff, and the dissent, insist that the doctrine of res judicata should not prevent the court from declaring the existence of a constructive trust because a constructive trust, in some sense, already exists. In support of this position, both plaintiff and the dissent cite this Court's decision in *State ex rel. Flowers v. Tennessee Coordinated Care Network*, No. M2003-01658-COA-R3-CV, 2005 WL 427990 (Tenn. Ct. App., filed Feb. 23, 2005) [hereinafter *Flowers*]. In *Flowers* the Tennessee Department of Commerce and Insurance filed suit to recover funds that were fraudulently transferred by the defendants. *Id.* at *1. During the litigation, the defendants filed for bankruptcy. *Id.* at *2. After the bankruptcy court lifted the automatic stay, the department amended its complaint to request the imposition of a constructive trust with respect to the fraudulently-transferred funds. *Id.* at *3. The trial court granted the request and ruled that a constructive trust arose on the date of the fraudulent transfer. *Id.* This Court affirmed. *Id.* at *13 ("[C]onstructive trusts are created not by the court but by the wrongful act of the constructive trustee whose duties as trustee emanate the instant of the wrongful transfer.").

Reliance on *Flowers* is misplaced. For the purposes of res judicata, it is

---

[3] As previously noted, the trial court properly took judicial notice of the relevant documents from the previous litigation.

unnecessary to determine whether and when a constructive trust came into existence.[4] Instead, the critical issue is whether plaintiff has the right to seek this equitable remedy in a second suit against the same defendants on the same cause of action. The answer to that question is "no."

In ***Creech***, the Supreme Court explained that when a court of competent jurisdiction enters a final judgment on the merits,

> the claim extinguished includes all rights of the plaintiff *to remedies* against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

281 S.W.3d at 379 (emphasis added) (quoting Rest. (Second) of Judgments § 24). This rule "applies even though the plaintiff is prepared in the second action . . . to seek remedies or forms of relief not demanded in the first action." Rest. (Second) of Judgments § 25. There is a good reason for this rule:

> In a modern system of procedure it is ordinarily open to the plaintiff to pursue in one action all the possible remedies whether or not consistent, whether alternative or cumulative, and whether of the types historically called legal or equitable.
>
> Therefore it is fair to hold that after judgment for or against the plaintiff, the claim is ordinarily exhausted so that the plaintiff is precluded from seeking any other remedies deriving from the same grouping of facts.

Rest. (Second) of Judgments § 25 cmt. f. Of course, the Supreme Court has also stated that the transactional standard "should be applied on a case-by-case basis, with sensitivity to the facts of each proceeding." ***Creech***, 281 S.W.3d at 381. This is because

> [t]here are a number of circumstances in which a second action by a plaintiff against the same defendant might be necessary and appropriate even though the second suit arises out of the same transaction or series of connected transactions

---

[4] The latter issue typically arises when creditors are competing for priority. Rest. (Third) of Restitution § 55 cmt. e. In that context, it is accurate to say that a constructive trust arises at the moment of the wrongful act. It is also accurate (and arguably more precise) to say that "the constructive trust arises on the date of judgment, but that the state of title it describes 'relates back' to the transaction between the parties." *Id.* This reflects the common-sense notion that "the remedial obligation of the constructive trustee does not exist until the court issues its decree, just as a defendant's obligation to pay damages does not exist until the case has been decided and a judgment has been entered." *Id.*

as the first suit. *See* Restatement (Second) of Judgments §
26(1).

*Id.* at 381-82. Most of the circumstances identified in Section 26 of the Restatement involve situations where the plaintiff did not have the opportunity in the first suit to fully and fairly litigate a particular issue. *See* Restatement (Second) of Judgments § 26(1).

In light of the foregoing legal principles, we hold that plaintiff's second complaint is asserting the same cause of action as plaintiff's first complaint, even though plaintiff is seeking a different remedy. In the previous lawsuit, plaintiff could have sought the entry of an order declaring the existence of a constructive trust as an alternative remedy to money damages. Plaintiff failed to do so. After careful review of the record, we can discern no justifiable reason for that failure. Therefore, we conclude that the trial court properly granted defendants' motion to dismiss on the basis of res judicata. All remaining issues are pretermitted as moot.

The dissent, like plaintiff, does not even attempt to apply the transactional standard as articulated in **Creech** and further explained in the Restatement (Second) of Judgments. Relying on cases from other jurisdictions, the dissent simply asserts that "the res judicata doctrine should not be invoked in situations where it defeats the ends of justice." The dissent also suggests that our decision will allow "a thief to profit from her actions." We respectfully disagree. Plaintiff still has a valid money judgment against Mrs. Kidd. Nothing in this opinion prevents plaintiff from enforcing that money judgment by any manner authorized by law.

**IV.**

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Tamala Teague, as successor personal representative of the estate of Lola Lee Duggan. The case is remanded for enforcement of the trial court's judgment and for the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE